UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANDREA V. DAVIS,

              Plaintiff,              MEMORANDUM AND ORDER
                                                   17-CV-00400

   - against -

THE UNITED STATES OF AMERICA and
THE CITY OF NEW YORK,

              Defendants.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

Plaintiff Andrea Davis ("Plaintiff" or "Davis") brought this negligence action against the United States of America ("the government" or "Defendant") and the City of New York ("the City") alleging that they failed to repair a crack on the sidewalk near a post office, causing severe and permanent injuries. (ECF No. 1, "Compl."). She subsequently withdrew all claims against the City. (ECF No. 24). Pending before the Court is the government's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 37). For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Plaintiff alleges that at 1:00 p.m. on February 26, 2016, she was walking on the sidewalk next to 47 Debevoise Street in Brooklyn, New York (the "Metropolitan Post Office"), when she tripped and fell on "obstructed, cracked, uneven, raised, depressed, missing, deteriorated, defective, or missing portions" of that sidewalk, causing her severe and permanent injuries. (Compl. ¶ 28; ECF No. 37-2 at ¶¶ 1, 2). On April 28, 2016, she submitted an administrative claim to the United States Postal Service seeking $3,000,000 in damages and attaching photographs of the crack in the sidewalk. (ECF No. 37-2 at ¶¶ 10, 11). She claims the crack measured two inches,

1

but the government claims it measured about one inch. (ECF No. 37-2 at ¶ 14; ECF No 38-1 at ¶ 12). The government claims it did not know about the crack or receive any previous complaints about it, and that it was neither hidden or concealed. (ECF No. 37-2 at ¶¶ 12, 21-22). On January 25, 2017, Plaintiff commenced this action seeking $5,000,000 in damages. (ECF No. 1).

**LEGAL STANDARD**

Summary judgment is appropriate when there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). A genuine issue of material fact exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to demonstrate the absence of a genuine issue of material fact, and the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255.

If the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the non-movant who must demonstrate that a genuine issue of fact does exist. *Id.* at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the nonmovant has met that requirement, its "allegations [will be] taken as true, and [it] will receive the benefit of the doubt when [its] assertions conflict with those of the movant." *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996).

The Court's role in a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

In negligence actions against the United States, liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). To state a claim for negligence under New York law, Plaintiff must allege "(1) a legal duty owed by the defendant to protect the plaintiff against an unreasonable risk of harm; (2) a breach of that duty—or, to put it differently, a failure to conform to the standard of conduct prescribed by law for the protection of the plaintiff; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) damages suffered by the plaintiff as a result of the defendant's conduct." *Davis v. Port Auth. of New York & New Jersey*, 183 F. Supp. 3d 345, 347 (E.D.N.Y. 2016). "To show a breach of duty in a slip-and-fall case, the plaintiff must show that the defendant either created the condition which caused the accident, or . . . had actual or constructive notice of the condition." *Seixas v. Target Corp.*, No. 15-CV-03851 (ERK), 2017 WL 2178425, at *1 (E.D.N.Y. May 16, 2017).

The government claims that while it had a duty to maintain the sidewalk, it is not liable for Plaintiff's injuries because (1) the sidewalk defect was trivial and (2) the government did not create or have knowledge of the defect. (ECF No. 37-1 at 5-12). Regarding whether the crack in the sidewalk was trivial, the government claims that the time, place, and circumstances of Plaintiff's injury, the fact that the crack measured only one inch, and the fact that the crack posed no difficulty for a pedestrian to see or pass over it on foot warrants summary judgment. The Court disagrees.

3

"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact." *Hutchinson v. Sheridan Hill House Corp.*, 26 N.Y.3d 66, 79, 41 N.E.3d 766 (2015). The Court of Appeals has noted that while "it is usually more difficult to define what is trivial than what is significant," courts must consider "all the facts and circumstances presented," including but not limited to, "the dimensions of the defect at issue." *Id.* at 72, 77. Granting summary judgment "based exclusively on the dimensions of the . . . defect is unacceptable." *Id.* at 77.

The Court finds that the government failed to make a prima facie showing that the sidewalk crack was physically insignificant and that the surrounding circumstances did not increase the risk it posed. While it was sunny at the time Plaintiff tripped and the crack was not obstructed or concealed, the photographs submitted by both parties show that the crack measured at least one inch in depth and much more than that in width. In addition, it was located just steps from the entrance to the Metropolitan Post Office and directly in front of the mailbox, which is likely a heavily trafficked area and therefore increases the risk it poses to pedestrians. While the lower courts in New York "find physically small defects to be actionable when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards," *id.* at 79, the question of fact remains as to whether that was true here. Further, the evidence submitted by the parties does not show that the government created the crack in the sidewalk, but the Court disagrees that the government did not have constructive notice of it for the same reasons stated above, namely the size and proximity of the crack to the post office entrance.

## CONCLUSION

Accordingly, for the reasons set forth above, the government's motion is **DENIED**.

SO ORDERED.

Dated: Brooklyn, New York
January 15, 2019

/s/_____
I. Leo Glasser                                    U.S.D.J.